Avenue Basin Mgt., Inc. v Wilmington Sav. Fund Socy., FSB (2022 NY Slip Op 07429)

Avenue Basin Mgt., Inc. v Wilmington Sav. Fund Socy., FSB

2022 NY Slip Op 07429

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2020-03354
 (Index No. 516625/19)

[*1]Avenue Basin Management, Inc., appellant,
v
Wilmington Savings Fund Society, FSB, respondent.

Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP, Kew Gardens, NY (Matthew J. Routh of counsel), for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (John E. Brigandi of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to certain real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated February 17, 2020. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
On or about July 29, 2019, the plaintiff commenced this action against the defendant, Wilmington Savings Fund Society, FSB, to quiet title to certain real property, alleging that more than six years had passed since a mortgage was accelerated and, thus, the statute of limitations for a mortgage foreclosure action had expired.
However, the Supreme Court correctly determined that, even viewing the pleadings and submissions favorably to the plaintiff, the statute of limitations actually expired on August 12, 2019, after the plaintiff commenced this quiet title action (see Wilmington Savings Fund Society, FSB v Avenue Basin Management, Inc., ___ AD3d ___ [decided herewith]).
The plaintiff's contentions based on an alleged 2011 foreclosure action are improperly raised for the first time on appeal (see Matter of Regina Metro Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 362-363; Matter of 148 S. Emerson Partners, LLC v. 148 S. Emerson Assocs., LLC, 157 AD3d 887, 889). The plaintiff's remaining contention is without merit.
The defendant's remaining contentions need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., MILLER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court